IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

| | | |
|---|---|---|
| **COMMUNITY INSURANCE COMPANY,** | : | |
| | : | Case No. 3: 05-CV-0322 |
| Plaintiff, | : | |
| | : | Judge Rose |
| vs. | : | Chief Magistrate Judge Merz |
| | : | |
| GOOD SAMARITAN HOSPITAL, *et al.,* | : | |
| | : | |
| Defendants. | : | |
| | : | |

**PROTECTIVE ORDER GOVERNING THE DISCLOSURE
OF INDIVIDUALLY IDENTIFIABLE HEALTH INFORMATION
AND CONFIDENTIAL OR PROPRIETARY BUSINESS INFORMATION**

The parties, Plaintiff Community Insurance Company ("CIC") and Defendants Good Samaritan Hospital, Miami Valley Hospital and Premier Health Partners, Inc. (collectively, the "Defendants") have asked the Court to enter a protective order in this case to facilitate the exchange of discovery materials among the parties and to protect individually identifiable health information and confidential business or proprietary information.  The Court, having considered the motion and for good cause, hereby enters the following protective order pursuant to the Court's authority under Fed. R. Civ P. 26(c).

ORDERED:

    **1.** **Production of Confidential Health Information.**  The Defendants or CIC may produce certain individually identifiable health information pursuant to discovery requests. Individually identifiable health information includes information that relates to: (i) the past, present or future physical or mental health or condition of an individual, or (ii) the provision of health care services to an individual, or (iii) the past, present or future payment for the provision

of health care to an individual and that identifies the individual or which there is a reasonable basis to believe can be used to identify the individual. See 45 C.F.R. 160.103.

The information produced pursuant to this Protective Order may be subject to the provisions of 45 C.F.R. §§ 164.102-164.534 and the patients may not have authorized the disclosure of such information. To the extent individually identifiable health information is being disclosed, it is being produced in accordance with 45 C.F.R. § 164.512 (e)(1). These documents shall be produced unredacted and any party may designate such documents as Confidential Health Information in the manner set forth in paragraph 3, below, prior to producing them.

Confidential Health Information may be used only for purposes of this litigation, and shall be held in confidence by and between the parties and their attorneys, as defined and described in Paragraph 4 of this Protective Order.

**2. Production of Confidential Business Information**. Any party to this dispute may produce confidential or proprietary business information ("Confidential Business Information"). Confidential Business Information includes information with a particular proprietary interest to a party as well as information which is confidential to the parties' respective customers. Confidential Business Information shall be held in confidence by and between the parties and their attorneys, as defined and described in Paragraph 4 of this Protective Order.

**3. Designation of Material Subject to this Protective Order.** To designate "confidential" material covered by this Protective Order, the party shall so designate, on the material itself, in an accompanying cover letter, on a diskette cover, or interrogatory or request

for admission response, by using one of the following designations: "CONFIDENTIAL HEALTH INFORMATION" or "CONFIDENTIAL BUSINESS INFORMATION."

4. The Disclosure of Confidential Matters  Confidential Health Information and Confidential Business Information shall not be disclosed in any manner to any person or entity except:

- A. Counsel of record in the above-captioned action, attorneys employed in the same firm with counsel of record, and clerical, paralegal, secretarial and support staff employed by such counsel who need to review such information in connection with this action;
- B. Any court, including appellate courts, in which this action is pending, including court personnel and jurors;
- C. Officers, directors, or employees of any party to this action, and consultants, experts or agents assisting a party in the evaluation, prosecution, or defense of this action, provided that such persons are first given a copy of this Protective Order and agree in writing to be bound by its terms;
- D. Court reporters or stenographers employed in connection with this action, who shall be advised of the requirement not to disclose or discuss Confidential Health Information and Confidential Business Information they may observe; and
- E. Any witness appearing or preparing to appear at trial or in deposition who: (1) agrees in writing to be bound by the terms of this Protective Order; or (2) is admonished by the Court to comply with terms of this Protective Order before or during his testimony in Court.

5. **Voluntary Disclosure of Confidential Business Information**.  Nothing herein shall prevent any party from publicly disclosing any of its own Confidential Business Information as it deems appropriate; however, such public disclosures shall void the other party's obligations hereunder as to, and only as to, the information, materials or documents disclosed.  This provision does not apply to Confidential Health Information.

6. **Use of Confidential Health Information or Confidential Business Information at Deposition**.  The parties may show deponents documents designated

-3-

Confidential Health Information or Confidential Business Information to the extent necessary for and relevant to the testimony of such witnesses.  Any deposition testimony as to Confidential Health Information or Confidential Business Information shall be held in confidence by and between the parties and their attorneys, as defined and described in Paragraph 4 of this Protective Order.  Any testimony designated as Confidential Health Information or Confidential Business Information shall be identified by transcript volume and page number, or other reasonable identifying method, and shall be so designated by any party within thirty (30) days of the actual receipt of the completed deposition transcript.  All deposition testimony shall be treated as confidential until the earlier of: (a) the receipt of written notice designating those portions of the transcript as confidential; or (b) the expiration of the thirty-day period to provide such notice.  Pursuant to Section 4(E) of this Protective Order, a deponent must agree in writing to be bound by the terms of this Protective Order before receiving Confidential Health Information or Confidential Business Information.

7. **Disposition of Confidential Matters**. At the conclusion of this action, all Confidential Health Information and Confidential Business Information, including all reproductions that may have been made of any such information, shall be returned to the party who produced such information or destroyed, provided that the party destroying the documents confirms their destruction in writing to the party who produced such information.  This provision is inapplicable to documents filed or offered into evidence with the Court and transcripts of any testimony or exhibits thereto.

8. **Filing of Documents Containing Confidential Business Information**.  The parties hereto agree not to file any document with the Court that contains any Confidential

Business Information without: (a) first providing the other party an adequate and reasonable opportunity to file a motion requesting that the document be filed under seal; or (b) filing the document under seal.

9. **Filing of Documents Containing Confidential Health Information**. Documents designated Confidential Health Information shall not be filed with or submitted to the Court nor shall their contents be reproduced in any court filing unless the document or filing is placed under seal or all individually identifiable health information in the document or filing is removed or redacted.

10. **Acceptance of Documents Filed Under Seal**.  The clerk shall accept for filing under seal any documents or filings marked pursuant to the above paragraphs and as provided in S.D. Ohio Civ. R. 79.3(b).

11. **Disclosure of Confidential Business Information to Third-Party Consultants and Third-Party Experts**.  For any Confidential Business Information disclosed pursuant to Section 4(C) of this Protective Order to a third-party consultant or third-party expert, the party making the disclosure shall keep a record of the documents disclosed.  The record shall not be discoverable unless it is ordered to be produced by the Court.  The record shall identify the documents disclosed by Bates stamp number, document title, or other readily identifiable method.  This provision does not apply to any information disclosed to a party or a party's employees, officers, directors or agents.

12. **Modification Permitted**.  Nothing in this Protective Order shall prevent any party from seeking modification of this Protective Order, challenging the confidential

designation of a particular document or portion of testimony, or from objecting to discovery that it believes to be otherwise improper.

13. **No Waiver**.  The failure to designate any materials as provided in paragraphs 3 and 6 shall not constitute a waiver of a party's assertion that the materials are covered by this Protective Order.

14. **Compliance with Federal and Ohio Law**.  The production of documents in the manner specified herein complies with federal law and Ohio law governing the confidentiality of patient information.

15. **No Ruling on Discoverability or Admissibility**.  This Protective Order does not constitute a ruling on the question of whether any particular material is properly discoverable or admissible and does not constitute a ruling on any potential objection to the discoverability of any material.

July 31, 2006.

*s/ Michael R. Merz*

Chief United States Magistrate Judge